## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MESKLA ENTERPRISES, LLC, | Superior Court Case No. <u>CV1026-18</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| DKY CRUZ, INC., | |
| Defendant. | |

In this lawsuit concerning a lease agreement, the Court considers the lessor Defendant DKY Cruz, Inc.'s Motion to Dismiss and the lessee Plaintiff Meskla Enterprises, LLC's Motion for Partial Summary Judgment. DKY's Motion asks the Court to either dismiss the Complaint in its entirety, or in the alternative, grant it summary judgment and find that Meskla's claims are time-barred. Meskla's Motion seeks summary judgment on its first and second causes of action for breach of contract and breach of the covenant of quiet enjoyment. Having considered the parties' evidence and arguments and the applicable law, the Court DENIES DKY's Motion to Dismiss, GRANTS IN PART and DENIES IN PART DKY's Motion for Summary Judgment in the alternative, and DENIES IN PART and GRANTS IN PART Meskla's Motion for Partial Summary Judgment.

## I. UNDISPUTED FACTS

1. On August 27, 2013, the parties entered into a Lease Agreement over Lot No. 5136-1-1-1, Dededo, Guam. The lease term is for ten years, and Meskla continues to occupy the leased property. Decl. Leonard Campos, Ex. 1 ¶¶ 1, 2, 11 (Dec. 6, 2019) (referred to herein as "Lease Agreement").

ORIGINAL

2. Three months after execution of the Lease Agreement, on November 8, 2013, a Relocation Survey map procured by Meskla indicated that the lot at issue was in fact "Lot 5136-1-1-1-R1." Decl. Leonard Campos, Ex. 2. The survey also indicates that the "existing building" on Lot 5136-1-1-1-R1 encroaches onto the adjoining lot, Lot 5136-1-3. *Id.*

3. The portion of the building on the adjoining lot was demolished on October 10, 2015, at the request of the adjoining lot's owner. Decl. Leonard Campus ¶ 9.

4. "Up until the building was demolished, Meskla retained possession and control of the entire building." Decl. Leonard Campus ¶ 10.

5. The Lease Agreement contains an "as is" provision:

> **8.   CONDITION OF PREMISES (Maintenance and Repair; Right of Inspection)**: Lessee has inspected the premises an [sic] acknowledge that there are no damages and hereby accepts in "as is" condition, and that no statement or representation as to the condition has been made by Lessor. Lessee specifically waive any right to make repairs of the premises at the expense of Lessor or to compel Lessor to make repairs, however, Lessor may at Lessor's option enter upon the premises at any reasonable time to examine the same and to make such repairs or perform such maintenance as Lessor may deem necessary or desirable. Lessee agrees to maintain the interior of the premises at all times during the term hereunder in good clean condition and as good as the present condition of the premises (reasonable wear and tear excepted) and to return the premises to Lessor in such condition at the end of the term.

Lease Agreement ¶ 8.

6. The Lease Agreement makes several references to a building:

    a. The Lessor is responsible for paying "real estate taxes assessed and levied against the current building." Lease Agreement ¶ 10.

    b. The Lessee was responsible for obtaining permits that met the current building code. Lease Agreement ¶ 11.

ORIGINAL

    c. The Lessee indemnified the Lessor for the costs of damage "to the general complex resulting from" the Lessee's negligent or willful acts, including leaving windows and doors open and unnecessary flows of water from faulty pipes and faucets. Lease Agreement ¶ 12(a).

    d. The Lessee agreed to protect "the building" from severe weather conditions. Lease Agreement ¶ 12(b).

    e. The Lessee agreed to obtain insurance "covering the entire building," and optional earthquake and fire insurance "to cover any potential damages to the building." Lease Agreement ¶ 14.

    f. The parties agreed to limit the Lessor's liability for "the making of necessary repairs to the building of which the premises are a part." Lease Agreement ¶ 17.

7. Meskla brings this action seeking damages for breach of contract and breach of the covenant of quiet enjoyment, and also seeks reformation of the Lease Agreement.

## II.   LAW AND DISCUSSION

### A. DKY'S Motion to Dismiss

A claim may be dismissed under Rule 12(b)(6) statute of limitations grounds only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006).[1] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); *Dewitz v. TeleGuam Holdings, LLC,* 2014

---

[1] Because the Guam Rules of Civil Procedure are generally derived from the Federal Rules of Civil Procedure, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority. *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate,* 2018 Guam 4 ¶ 9.



WL 1389326, at *2–3 (D. Guam Apr. 9, 2014), *report and recommendation adopted*, 2014 WL 3028660 (D. Guam July 3, 2014).

The Complaint on its face does not indicate a limitations bar. All causes of action pertain to a written instrument and thus carry a four-year statute of limitations. 7 GCA § 11303. As such, they had to accrue no earlier than October 2014. However, it was not until September 2015 that the building was torn down thereby affecting Meskla's lease. Compl. ¶ 7 (Oct. 25, 2018). Using that date--and DKY mentions no other date or event in the Complaint to use--it appears that Meskla's action is not subject to dismissal under Rule 12(b)(6).

### B. DKY'S Motion for Summary Judgment in the Alternative

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit...Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7. "The Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Id.*



## 1. Statute of Limitations.

Reviewing the same limitations issue under the summary judgment standard, Meskla has not provided any evidence opposing DKY's evidence that Meskla knew of the encroachment issues sometime in November 2013 when it received an as-built survey of the property. Thus, for the contractual claims to be timely, they had to be filed by November 2017. For any fraud claim[2] to be timely, it had to be filed by November 2016. 11 GCA § 11305.

Meskla argues that the Lease Agreement is an executory contract, and therefore the limitations period does not begin until the final performance occurs. The Court has difficulty construing the Lease Agreement as an executory contract and Meskla's cited caselaw does not appear helpful.

However, the Court finds the continuing contract doctrine applicable. When there is a continuing obligation in a contract, a party's ongoing non-performance constitutes a continuing breach while the contract remains in effect. *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So.3d 1081, 1095 (Fla. Dist. Ct. App. 2014); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 182 (E.D.N.Y. 2018); *Garron v. Bristol House, Inc.*, 162 A.D.3d 857, 79 N.Y.S.3d 265 (N.Y. App. Div. 2018) (continuing wrong doctrine tolled six year statute of limitations for breach of contract and breach of the implied warranty of habitability claims brought against apartment corporation by owner of apartment seeking monetary damages for persisting damage to apartment walls and floor allegedly caused by renovations to unit directly below his apartment).

Here, Meskla continues to pay the full monthly rent under the Lease, though part of the building originally leased to Meskla was demolished. Decl. Leonard Campus ¶ 11. Construing

---

[2] Meskla's third claim seeks reformation of the lease and alleges in part that DKY committed fraud or that one or more parties committed mutual mistake. Compl. ¶ 17.

these facts in a light most favorable to Meskla, DKY had a continuing obligation to lease and allow Meskla the right to enjoy the building Meskla originally contracted for. Accordingly, although contractual breaches prior to October 2014 have now become stale, breaches beyond that time are timely.

For Meskla's reformation action--to the extent it is grounded in fraud--the parties have presented disputed issues of fact. For a fraud cause of action, the statute of limitations accrues when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him. *Burkhart v. Miranda*, 2013 Guam 2 ¶ 26 (citing *Custodio v. Boonprakong*, 1999 Guam 5 ¶ 27). DKY claims Meskla suspected an injury back in 2013 when it received a survey of the property; Meskla contends the injury occurred in October 2015, when the building was demolished. The Court is unable to resolve whether Meskla filed a timely reformation claim based on the evidence presented. The issue of the timeliness of any fraud-based claim must be resolved at trial.

### 2. "As is" Provision's Impact on Alleged Breach.

DKY asks the Court to rule as a matter of law that the "as is" provision bars the contractual claims. The Court closely reviews the "as is" provision, and finds there is no genuine issue of material fact that the provision concerns the condition of the building as opposed to the validity of the premises. *See* 18 GCA § 87105 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible...."). First, the provision establishes that Lessee agrees that "there are no damages" and Lessor makes no representation to the contrary. Lease Agreement ¶ 8. Second, the Lease Agreement discusses how the Lessee has decided not to request repairs, but that the Lessor may make repairs at its election. Lease Agreement ¶ 8. Finally, the "as is" provision discusses the Lessee's maintenance



of the premises. Lease Agreement ¶ 8. While DKY interprets the provision to indicate the building size, location, and dimensions are also "as is," lacking within this provision is any mention as to the size or location or dimensions of the leased building. The only reasonable interpretation is that the parties agreed that Meskla will lease the building in the condition as it was, waived further repairs, and agreed that its condition shall be maintained throughout the lease period. The Court therefore finds as a matter of law that the "as is" provision has no impact on the central issue of whether DKY breached the Lease Agreement by leasing and collecting rent for a building partially located on an adjoining lot.

### C. Meskla's Motion for Partial Summary Judgment

Meskla seeks a ruling that as a matter of law, DKY breached the Lease Agreement and/or breached the covenant of quiet enjoyment. In response, DKY characterizes the parties' agreement as a "Ground Lease," meaning that the Lease Agreement carried no contractual obligation to lease Meskla any building: "the subject written agreement is only a Ground Lease and does not expressly address any existing structure." Opp. Mot. Partial Summ. J. at 3 (Dec. 12, 2019). The plain language of the Lease Agreement establishes otherwise, however. As listed by the Court earlier in this Decision and Order, the Lease Agreement contains at least six references to a building. Paragraphs 10, 11, 12(a), 12(b), 14, and 17 discuss the responsibility for the taxes imposed on a building, building code permits, indemnification for damages to the complex, insurance for the building, and the limitation of liability for "repairs to the building of which the premises are a part." Notably, the Lease Agreement does not define or reference a "Ground Lease." Based on the four corners of the document, there is no genuine issue of material fact that Meskla's lease included the lease of a building.


ORIGINAL

Beyond its ground lease and statute of limitations arguments, DKY offers no substantiated facts to oppose Meskla's Motion. First, the Court finds that Meskla has established the elements for a breach of contract claim. It must establish the existence of the contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages to the plaintiff. *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19. Meskla has satisfied these elements by producing the Lease Agreement as well as evidence that it makes monthly payments on the lease, that a portion of the leased building has been destroyed, and that Meskla has suffered damages in the form of lease payments, attorney's fees, and other amounts, the extent of which it will prove at trial.

DKY also contends that Meskla has violated the parol evidence rule by introducing evidence of the set back problem. While the parol evidence rule in fact bars evidence from being used to interpret a written contract, the evidence Meskla produces does not fall under the category of parol evidence. Meskla's representative, Leonard Campos, does not offer any terms to alter the Lease Agreement. Instead, he represents that *after* the Lease Agreement, Meskla received a Relocation Survey map that indicates a portion of the leased building fell onto another lot. Decl. Leonard Campos ¶¶ 6, 8. This evidence does not change any term of the Lease Agreement.

Unfortunately for DKY, it has presented no other genuine issues of material fact to defeat the undisputed facts that on the plain language of the Lease Agreement, Meskla leased a building from DKY and DKY breached that lease by not providing Meskla the building it contracted to possess. Now left for trial is to what extent Meskla has suffered damages. The Court therefore GRANTS Meskla's Motion as to its first count.



On Meskla's second claim that DKY is liable for breach of the covenant of quiet enjoyment, the Court finds a disputed fact. Every lease contains an implied covenant of quiet enjoyment. *Erlach v. Sierra Asset Servicing, LLC*, 173 Cal. Rptr. 3d 159, 171 (Cal. App. 2014). The covenant of quiet enjoyment is implicated when there has been an actual or constructive eviction. *Petroleum Collections Inc. v. Swords*, 122 Cal. Rptr. 114, 117 (Cal. App. 1975). However, as Meskla recognizes, substantial interference is required to establish a breach of quiet enjoyment. Mot. Partial Summ. J. at 12 (Dec. 6, 2019). Meskla provides no evidence that the destroying part of the leased building amounted to a substantial interference. To the contrary, Meskla continues to operate its business in the leased building today. Decl. Leonard Campos ¶ 5. Having not established all elements of a breach of the covenant of quiet enjoyment, Meskla's Motion is DENIED as to its second claim.

III. **CONCLUSION**

The Court determines the following:

1. DKY's Motion to Dismiss is DENIED as the face of the Complaint does not indicate a limitations bar.

2. DKY's Motion for Summary Judgment in the alternative is GRANTED IN PART as claims regarding contractual breaches prior to October 2014 are untimely and DENIED IN PART as there are issues of fact as to the timeliness of the third cause of action to the extent it is grounded in fraud.

3. Meskla's Motion for Partial Summary Judgment on its breach of contract claim is GRANTED.

4. Meskla's Motion for Partial Summary Judgment on its breach of covenant of quiet enjoyment claim is DENIED.


ORIGINAL

The Court will issue a separate Order setting a trial date.

SO ORDERED this 11th day of March 2020.

_____
HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of:
Roberts, Fowler, & Visosky
Gumataotao & Pole

Date: 3/11/20   Time: 4:50 pm

CX
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Jon A. Visosky, Esq. of Roberts, Fowler & Visosky LLP for Meskla Enterprises, LLC.

Gary Wayne Francis Gumataotao, Esq., Law Offices of Gumataotao & Pole, for DKY Cruz, Inc.

ORIGINAL